UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Keren Tamali Sita,<br><br>Plaintiff,<br><br>v.<br><br>Loomis Armored US, LLC, et al.,<br><br>Defendant. | Civil Action No. 2:26-cv-176 |

**ORDER**
**DENYING WITHOUT PREJUDICE**
**APPLICATION TO PROCEED *IN FORMA PAUPERIS***
(Doc. 1)

Plaintiff Keren Tamali Sita, a Vermont resident representing herself, seeks to bring an employment action alleging Defendant Loomis Armored US, LLC and several of its employees discriminated/retaliated against Plaintiff, failed to grant her requested workplace accommodations, subjected her to a hostile work environment, deprived her of personal property, and wrongfully terminated her employment. Plaintiff has filed an application to proceed *in forma pauperis* (IFP), or without paying fees or costs, under 28 U.S.C. § 1915. (Doc. 1.)

A court is authorized to permit a litigant to proceed IFP if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). Thus, when a plaintiff seeks leave to proceed IFP, the Court must determine whether she has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405 filing fee. The purpose of the IFP statute is to ensure that indigent persons have equal access to the judicial system. The statute excuses from prepayment of filing fees any person who submits an affidavit "that the person is unable to pay such fees or give security therefor." *Id.* It is not necessary for a litigant to

show that she is "absolutely destitute" to obtain the benefits of the statute. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). It is instead sufficient for the litigant to demonstrate that paying court costs would deprive her of the "necessities of life." *Id.*; *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam) ("[N]o party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life.").

Plaintiff submitted a financial affidavit in support of her IFP application. She states that she has been unemployed since January 15, 2026 and that she has not received any money from any source over the past twelve months. However, she has not listed how much she was earning when she was employed. She avers that she has no cash and no money in a checking or savings account, and that she owns no assets of value. She does not list her monthly expenses.

Plaintiff's application is incomplete and insufficient to establish an entitlement to proceed IFP. "When an applicant fails to explain how [s]he supports [her]self, courts generally regard h[er] application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Bryne v. Delta Airline, Inc.*, 2025 WL 3034998, at *1 (D. Vt. Oct. 30, 2025) (citation modified); *see also Amanda M. v. Kijakazi*, 2022 WL 1395941, at *1-2 (D. Conn. Apr. 29, 2022) (denying an IFP application lacking "any information on how [Plaintiff] supports himself" as incomplete "[b]ecause no one can live on no income and no assets"). Because the Court cannot discern from Plaintiff's filing that she meets the requirements of 28 U.S.C. § 1915(a)(1), the application for leave to proceed IFP (Doc. 1) is DENIED WITHOUT PREJUDICE.

**<u>CONCLUSION</u>**

For the reasons discussed above, and having conducted the review required under 28 U.S.C. § 1915(e)(2)(A), Plaintiff's application for leave to proceed *in forma pauperis* (Doc. 1) is DENIED WITHOUT PREJUDICE.

Plaintiff may pay the filing fee of $405 or refile her application with an affidavit demonstrating her inability to pay the filing fee. Should Plaintiff fail to pay the filing fee or to refile a complete IFP application within 30 days of this order, the undersigned will recommend that this case be dismissed without prejudice.

The Court hereby certifies that under 28 U.S.C. § 1915(a)(3) any appeal would not be taken in good faith.

Dated at Burlington, in the District of Vermont, this 17th day of November 2026.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge